## No. 7161.

### C. H. Lawrence & Co. vs. W. S. Hermance et al.

In a suit to annul a judgment against garnishees, the amount of that judgment will be the test of appealability.

Where the answers of garnishees do not shew any indebtedness, but merely that they had merchandise in hand for sale on account of the debtor, and that they had sold other merchandise of his, but had not collected the price thereof, an absolute judgment against the garnishees for money cannot legally be rendered.

Where garnishees have answered admitting indebtedness, in a suit to annul the judgment rendered upon their answers, they may shew them to have been made through mistake and error and explain the same, and the execution of the judg-

ment against them will be injoined, pending which they may amend and supplement their answers.

APPEAL from the Fourth District Court of New Orleans. HOUSTON, J.

*A. B. Philips* for Plaintiffs. *Kelly & Lazarus* for Defendants Appellants.

In an attachment suit brought by Hermance against a non-resident, C. H. Lawrence & Co. were cited as garnishees, and answered that they had merchandize in hand belonging to the defendant to the amount of $162, and had sold merchandize of his for $717, but had not collected or received any part thereof. Hermance took judgment with privilege, to be paid out of the proceeds of the property attached. On the day this judgment was signed, execution issued, and demand was made of Lawrence & Co. On the next day, on motion in court of Hermance's councel an *ex parte* order was entered, " that the garnishees pay over to the sheriff the funds, property, credits herein attached in their hands to an amount sufficient to satisfy the judgment." On same day, this suit was instituted, wherein the garnishees (plaintiffs here) allege that their answers were made in error caused by the mistake of their book-keeper, and recite at length how it was made, and what is the actual condition of their business with the debtor, and pray the annulment of the judgment made upon their erroneous answers and an injunction against its execution.

The lower court perpetuated the injunction, annulled the judgment in the attachment suit, and decreed that the garnishees be permitted to file amended answers to the interrogatories, of which permission they availed themselves promptly.

On motion to dismiss,
MANNING, C. J., delivered the opinion refusing the motion.

On the merits,
After reciting the facts, and the evidence which showed the mistake,
MARR, J. But independently of this error, the court had no power to order the garnishees to pay any sum of money on their

answers. The answers did not shew any indebtedness on the part of the garnishees to the defendant, but simply that they had merchandize on hand for sale on his account, and had sold other merchandize but had received no payment for it. On an execution against the defendant, the attaching creditor had no right to proceed against the property of Lawrence & Co. upon such answers.

*Judgment affirmed.*